855 F.2d 861
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Patricia J. FLOO, Plaintiff-Appellant,
v.
FARM CREDIT BANKS OF SACRAMENTO, also known as Federal Land
Bank of Sacramento, Federal Intermediate Credit
Bank of Sacramento, Sacramento Bank for
Cooperatives, Defendants-Appellees.
 No. 87-1786.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1988.
Decided July 28, 1988.
 Before JAMES R. BROWNING, SNEED and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patricia J. Floo appeals a judgment entered after a bench trial. The action arose out of her employment relationship with Farm Credit Banks of Sacramento ("Banks"), where she worked as its Personnel Manager. Appellant alleged that she was terminated in violation of Title VII, an oral and written contract, and the covenant of good faith and fair dealing. At the close of appellant's case, the district court granted Banks' motion to dismiss the Title VII claim. At the conclusion of the trial, the court entered judgment as to all other claims in favor of Banks. We affirm.
 
 
 3
 Floo raises several alleged errors on appeal. Based upon a careful review of the entire record, we find that each of these contentions lack merit.
 
 
 4
 In a wrongful termination case, the plaintiff has the ultimate burden of proving she was terminated wrongfully. Pugh v. See's Candies, 116 Cal.App.3d 311, 329-30, 171 Cal.Rptr. 917, 927 (1981). The legal standard which an employer must meet to justify a termination of employment for cause requires only the existence of a "fair and honest cause or reason, regulated by good faith." Malmstrom v. Kaiser Aluminum and Chemical Corp., 187 Cal.App.3d 299, 321, 231 Cal.Rptr. 820, 832 (1986) (citations omitted).
 
 
 5
 The district court found appellant's total job performance could not be properly evaluated simply with reference to her admittedly superior substantive work product, as reflected in her performance evaluations, but also was required to be judged "in terms of her success as a line supervisor." ER 69, p 17. The district court found further that appellant failed significantly to discharge appropriately her supervisory responsibilities, a finding amply supported by the record. The district court specifically found 1) that for some employees, appellant "provided very strict supervision ... [which] was perceived by those less favored as unwarranted favoritism and adversely affected the morale of ... [that] group" (ER 72, p 26); 2) "plaintiff was insensitive to this problem, and thus took no steps to alleviate it" (id.); 3) appellant's method of supervision "was simply inappropriate to the ordinary subordinate" (ER 83, p 58); 4) "her manner of supervision of Gundling was so severe that ... [Gundling] suffered both emotional and physical deterioration as a result" (ER 77, p 42); and 5) "Lynn Vrae ... suffered physically and emotionally as a result of plaintiff's supervision" (ER 83, p 58). Finally, after determining that "the incident had occurred essentially as reported," the district court found that appellant's expressed desire for a paralyzing stroke to befall the bank president "represents a serious breach of loyalty" to her superior. ER 79-80, p 49.
 
 
 6
 Based upon these factual findings, we conclude that the district court was correct in determining that appellant had been terminated with good cause.
 
 
 7
 Because management had good cause to discharge appellant, the discharge did not violate the implied covenant of good faith and fair dealing. See Fowler v. Varian Assoc., Inc., 196 Cal.App.3d 34, 241 Cal.Rptr. 539, 543 (1987) (existence of good cause to terminate renders the discharge, by definition, not in bad faith).
 
 
 8
 Appellant asserts that she was entitled to procedural due process prior to her termination. This court will not decide an issue not raised at the district court level. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985). Nevertheless, we feel that any due process to which appellant may have been entitled was satisfied under the facts of this case. See, e.g., Crosier v. UPS, Inc., 150 Cal.App.3d 1132, 1140-41, 198 Cal.Rptr. 361, 366-67 (1983).
 
 
 9
 Appellant contends that "the co-workers' sexually offensive remarks and the persistent rumors of Ms. Floo's sexual orientation, which management refused to stop, was [sic] actionable sex harassment under the California Fair Employment and Housing Act and Title VII."
 
 
 10
 While a claim of "hostile environment" sexual harassment is actionable sex discrimination under Title VII, Meritor Savings Bank v. Vinson, 106 S.Ct. 2399 (1986), appellant failed to raise this particular claim at the district court level. Similarly, California's Fair Employment and Housing Act (FEHA), Cal.Gov't Code Secs. 12900 et seq. (West 1980 & Supp.1988), requires exhaustion of administrative remedies as a prerequisite to such a civil action. Appellant is thus barred from raising these claims on appeal.
 
 
 11
 Finally, appellant contends that an employer has an affirmative duty to investigate complaints before an employee can be discharged. A review of the record indicates that an adequate investigation was conducted in this case. Moreover, because we agree with the district court that good cause existed, we fail to see the significance of Banks' failure to conduct a more thorough investigation.
 
 The judgment of the district court is
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3